UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENTRELL WILLIAMS,<br><br>            Plaintiff,<br><br>     vs.<br><br>ADAMS, et al.,<br><br>            Defendants. | **1:19-cv-01058-DAD-GSA-PC**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT CDCR'S UNOPPOSED MOTION TO DISMISS BE GRANTED, WITHOUT LEAVE TO AMEND**<br><br>**(ECF No. 24.)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

**I.    BACKGROUND**

Kentrell Williams ("Plaintiff") is proceeding with counsel in this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's Second Amended Complaint filed on November 3, 2021, against defendants California Department of Corrections and Rehabilitation (CDCR), Correctional Officer (C/O) Kendricks, C/O Sherwood, and C/O Busby (collectively, "Defendants"). (ECF No. 16.) Plaintiff's Second Amended Complaint contends that Defendants violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. (Id.)

1

On April 1, 2022, defendant CDCR filed a motion to dismiss Plaintiff's claims against CDCR under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, as barred by the Eleventh Amendment. (ECF No. 24.) On June 22, 2022, Plaintiff filed a statement of non-opposition to the motion. (ECF No. 35.)

## III. LEGAL STANDARDS

### A. Motion To Dismiss Under Rule 12(b)(1) – Subject Matter Jurisdiction

A motion under Rule 12(b)(1) challenges a federal court's jurisdiction to decide claims alleged in the complaint. Stewards of Mokelumne River v. California Dep't of Transportation, No. 2:20-CV-01542-TLN-AC, 2021 WL 2983302, at *2–3 (E.D. Cal. July 15, 2021) (citing Fed. R. Civ. P. 12(b)(1); see also id. at 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009) (holding the court may determine jurisdiction on a Rule 12(b)(1) motion unless "the jurisdictional issue is inextricable from the merits of a case") (internal citations omitted)).

A Rule 12(b)(1) motion attacking subject matter jurisdiction may be either facial or factual. Id. (citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000)). When the motion is a facial attack, the court only considers the allegations in the complaint and any documents attached to the complaint or referred to in the complaint. Id. (citing Gould Electronics Inc. v. U.S., 220 F.3d 169, 176 (3rd Cir. 2000)). The court accepts all the material factual allegations in plaintiff's complaint as true. Id. (citing Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). "[J]urisdiction must be shown affirmatively, and that showing cannot be made by drawing from the pleadings inferences favorable to the party asserting it." Shipping Financial Services Corp. v. Drakos, 140 F.3d 129, 131 (2nd Cir. 1998) (citing Norton v. Larney, 266 U.S. 511, 515 (1925)). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction "in fact," no presumption of truthfulness attaches to the plaintiff's allegations. Id. (citing Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979)). Rather, "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." Id. (citing McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). "Once challenged, the party

asserting subject matter jurisdiction has the burden of proving its existence." Id. (citing Robinson, 586 F.3d at 685 (quoting Rattlesnake Coal. v. E.P.A., 509 F.3d 1095, 1102 n.1 (9th Cir. 2007))).

### B. Motion To Dismiss Under Rule 12(b)(6) – Failure to State a Claim

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint. Id. (citing Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. (citing see Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009)). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim. . . is and the grounds upon which it rests." Id. (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted)). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Id. (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. Id. (citing Cruz v. Beto, 405 U.S. 319, 322 (1972)). A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Id. (citing Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963)). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." Id. (quoting Twombly, 550 U.S. at 570).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." Id. (quoting U.S. ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986)). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id. (quoting Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Id. (quoting Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the. . . laws in ways that have not been

alleged." Id. (quoting Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983)).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." Id. (quoting Iqbal, 556 U.S. at 697 (quoting Twombly, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Iqbal at 680). While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." Id. (quoting Iqbal at 678). This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (quoting Iqbal at 679).

In ruling on a motion to dismiss, a court may only consider the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. Id. (citing see Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of U.S., Inc., 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998)).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" Id. (citing Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995); see also Gardner v. Marino, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile)).

**III.   DEFENDANT CDCR'S MOTION**

CDCR moves to dismiss Plaintiff's claims against CDCR pursuant to Rules 12(b)(1) and 12(b)(6). (ECF No. 24 at 1.) Plaintiff has filed a statement of non-opposition to CDCR's motion to dismiss, thus conceding CDCR's arguments. (ECF No. 35); Stewards, 2021 WL 2983302, at *3 (citing see Tatum v. Schwartz, No. S-06-01440 DFL EFB, 2007 WL 419463, at *3 (E.D. Cal. Feb. 5, 2007) ("[Plaintiff] tacitly concedes this claim by failing to address Defendant CDCR's argument in her opposition.")). Accordingly, CDCR's motion to dismiss the claims asserted against it is

hereby granted without leave to amend, and CDCR is dismissed from this action. Stewards, 2021 WL 2983302, at *3 (citing see also Nat. Res. Def. Council v. Cal. Dep't of Transp. (NRDC), 96 F.3d 420, 421, 423 (9th Cir. 1996) (affirming district court's dismissal of all claims against CDCR as barred by the Eleventh Amendment); Ariz. Students' Ass'n v. Ariz. Bd. of Regents, 824 F.3d 858, 865 (9th Cir. 2016) (noting plaintiff had viable claim under Ex parte Young doctrine against members of state entity in their official capacities, but claim against entity was barred by the Eleventh Amendment)).

**IV.     CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant CDCR's motion to dismiss, filed on April 1, 2022, be granted;
2. Defendant CDCR be dismissed from this action, without leave to amend;
3. This case proceed only against defendants C/O Kendricks, C/O Sherwood, and C/O Busby; and
4. This case be referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   **July 14, 2022**                          **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE