# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENTRELL WILLIAMS,<br><br>  Plaintiff,<br><br>vs.<br><br>ADAMS, et al.,<br><br>  Defendants. | 1:19-cv-01058-ADA-GSA-PC<br><br>**ORDER VACATING IN-COURT HEARING SCHEDULED FOR DECEMBER 16, 2022**<br><br><u>**VACATED**</u>**:**<br><br>**Hearing on Motion for Summary Judgment December 16, 2022 at 9:30 a.m.<br>Before Magistrate Judge Gary S. Austin**<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME (ECF No. 47.)**<br><br>**NINETY-DAY DEADLINE FOR PLAINTIFF TO FILE OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**TWENTY-DAY DEADLINE FOR DEFENDANTS TO FILE A REPLY TO PLAINTIFF'S OPPOSITION**<br><br>**ORDER ALLOWING LIMITED PURPOSE DISCOVERY** |

**I.  BACKGROUND**

   Kentrell Williams ("Plaintiff") is proceeding with counsel in this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's Second Amended

Complaint filed on November 3, 2021, against defendants Correctional Officer (C/O) Kendrick,[1] C/O Sherwood, and C/O Busby (collectively, "Defendants")[2] (ECF No. 16.) Plaintiff's Second Amended Complaint claims that Defendants violated Plaintiff's Fourth, Fifth, Eighth, and Fourteenth Amendment rights. (Id.)

On June 30, 2022, the Court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a discovery deadline of December 30, 2022 and a dispositive motion filing deadline of March 2, 2023. (ECF No. 36.) This case is currently in the discovery phase.

On October 31, 2022, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies before filing suit. (ECF No. 46.) The motion was scheduled by Defendants to be heard on December 16, 2022 at 9:30 a.m. before Magistrate Judge Gary S. Austin.

On November 9, 2022, Plaintiff filed a request for a 90-day extension of time to file a response to Defendants' motion for summary judgment to allow Plaintiff time to conduct limited discovery re exhaustion of administrative remedies. (ECF No. 47.) Plaintiff also requests that the hearing on the motion, currently set for December 16, 2022, be continued in accordance with the requested extension of time. (Id.) On November 23, 2022, Defendants filed a statement of non-opposition to Plaintiff's request for extension of time. (ECF No. 48.) The undersigned construes Plaintiff's request as having been brought pursuant to Federal Rule of Civil Procedure 56(d).

## II. HEARING SCHEDULED FOR DECEMBER 16, 2022 IS VACATED

The in-court hearing scheduled for December 16, 2022 at 9:30 a.m. before Magistrate Judge Gary S. Austin to hear Defendants' motion for summary judgment is vacated from the Court's calendar. The parties are advised that Judge Austin does not hold in-court hearings, Defendants' motion for summary judgment shall be decided on the pleadings submitted by the

---

[1] Sued as Kendricks.

[2] Defendant CDCR was dismissed from this case on October 5, 2022. (ECF No. 42.)

parties.

### III. RULE 56(d) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Rule 56(d) provides that the court may defer or deny ruling on a summary judgment motion where the non-moving party shows by affidavit or declaration that, "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). In seeking relief under Rule 56(d), the moving party bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. Uhuru v. Singh, No. 2:20-CV-01664-TLN-KJN-P, 2021 WL 5867463, at *5–6 (E.D. Cal. Dec. 10, 2021), report and recommendation adopted, No. 2:20-CV-01664-TLN-KJN, 2022 WL 229873 (E.D. Cal. Jan. 26, 2022) (citing Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted)).

Plaintiff's counsel declares that the materials in his possession reflecting Plaintiff's timely efforts to exhaust his administrative remedies are incomplete, and the "declarations submitted with Defendants' motion confirm that CDCR is in possession of documents that I believe will demonstrate that Mr. Williams satisfied the legal requirements with respect to administrative remedies." (Declaration of Kellen Davis, ECF No. 47 at 3 ¶¶ 3, 4.) This declaration provides the information required by Rule 56(d). Defendants request an extension of time in which to file a reply to any potential opposition Plaintiff files regarding Defendants' motion for summary judgment.

Based on the foregoing, the Court finds good cause to grant the parties' requests for extension of time.

### IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The hearing on Defendants' motion for summary judgment, scheduled for December 16, 2022 at 9:30 a.m., is vacated from the Court's calendar, and the motion for summary judgment shall be decided on the pleadings submitted by the parties;

2. Plaintiff's request for an extension of time, filed on November 9, 2022, is GRANTED;

3. Plaintiff is granted 90 days from the date of service of this order in which to file an opposition to Defendants' motion for summary judgment;

4. Defendants are granted an extension of time to file a reply to Plaintiff's opposition, until 20 days from the date of filing of the opposition;

5. After the discovery deadline of December 30, 2022 has passed, and pending the parties' deadlines to file their opposition and reply, the parties may conduct limited discovery on the issue of exhaustion of administrative remedies; and,

6. If needed, the Court shall issue a new scheduling order after resolution of the motion for summary judgment.

IT IS SO ORDERED.

Dated:   **December 2, 2022**                    **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE