# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KENTRELL WILLIAMS, | 1:19-cv-01058-ADA-GSA-PC |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART PLAINTIFF'S REQUEST FOR EXTENSION OF TIME AND FOR ADDITIONAL DISCOVERY** |
| vs. | |
| ADAMS, et al., | **(ECF No. 55.)** |
| Defendants. | **ORDER DENYING REQUEST FOR EXTENSION OF TIME TO CONDUCT ADDITIONAL DISCOVERY EXCEPT AS TO THE TAKING OF MS. STONE'S DEPOSITION WHICH MUST BE COMPLETED WITHIN 45 DAYS OF THE DATE OF THIS ORDER** |
| | **ORDER GRANTING PLAINTIFF UNTIL JULY 30, 2023, TO FILE AN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| | **ORDER GRANTING DEFENDANTS UNTIL 20 DAYS AFTER PLAINTIFF'S OPPOSITION IS FILE D TO FILE A REPLY** |

Kentrell Williams ("Plaintiff") is proceeding with counsel in this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with the Second Amended Complaint against defendants Busby, Kendricks, and Sherwood ("Defendants") for use of excessive force against Plaintiff in violation of the Eighth Amendment. (ECF No. 16.)

On June 30, 2022, the Court issued a Discovery and Scheduling Order, setting pretrial deadlines for the parties, including a discovery deadline of December 30, 2022.  (ECF No. 36.)

On October 31, 2022, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to exhaust administrative remedies before filing suit.  (ECF No. 46.)  On November 9, 2022, Plaintiff filed a motion for extension of time to file an opposition to the motion in order to conduct limited discovery on the issue of exhaustion of administrative remedies. (ECF No. 47.) On November 23, 2022, Defendants filed a statement of non-opposition to the motion.  (ECF No. 48.)  On December 5, 2022, the Court granted Plaintiff a 90-day extension of time to file his opposition to the motion for summary judgment and allowing the parties to conduct limited purpose discovery pending the filing of Plaintiff's opposition and Defendants' reply.  (ECF No. 49.)

On December 30, 2022, Plaintiff filed a motion to extend the discovery deadline because of delays in communicating with his client, technical issues, and work obligations in other cases.  (ECF No. 50.)  On January 5, 2023, Defendants filed an opposition to the motion arguing that additional discovery on the exhaustion issue was not needed..  (ECF No. 51.)  The Court found good cause to grant Plaintiff an extension of time until March 5, 2023 to file his opposition, and allowing limited purpose discovery on the issue of exhaustion of remedies.  (ECF No. 52.)

On March 4, 2023, Plaintiff filed another request for a 90-day extension of time in which to conduct limited discovery on the issue of exhaustion of administrative remedies and to file his opposition to Defendants' motion for summary judgment.  (ECF No. 55.)  Plaintiff asserts that he has requested, and received, discovery responses from Defendants but requires supplemental responses. Plaintiff also cites delays because he was out on a pre-planned vacation from February 11-20.  On March 6, 2023, Defendants filed an opposition to the motion, arguing that Plaintiff has had more than enough time to complete discovery and additional discovery on the exhaustion issue is not needed. (ECF No. 56.)  Defendants oppose Plaintiff's request on the grounds that Plaintiff inaccurately describes the discovery process and fails to show cause for an extension of time based on any alleged delay by Defendants.  Defendants contend that Plaintiff failed to timely conduct discovery on to the issue of exhaustion during the past five months, waited more than

eight months after an Answer was filed to conduct any discovery, and waited approximately three months to schedule a deposition. On March 10, 2023, Plaintiff filed a reply, arguing that Defendants' conduct in discovery is the sole cause of delay. (ECF No. 57.)

The Court finds that parties have had ample time to conduct discovery on the issue of exhaustion of remedies, including the filing of any motions to compel. It has been seven months since Defendants filed their motion for summary judgment. However, the Court shall grant Plaintiff an additional 45 days from the date of this order in which to take Ms. Stone's deposition, and until July 30, 2023 in which to file an opposition to Defendants' motion for summary judgment. Defendants shall file their reply, if any, within 20 days of the date that Plaintiff's opposition is filed.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request for an extension of time, filed on March 4, 2023, is granted in part;
2. Plaintiff's request for an extension of the time to conduct additional discovery on the issue of exhaustion of remedies is DENIED except as stated below;
3. Plaintiff shall be granted an additional 45 days from the date of this order in which to depose Ms. Stone, but solely on the issue of exhaustion;
3. Plaintiff is GRANTED an extension of time until July 30, 2023, in which to file an opposition to Defendants' motion for summary judgment;
4. Defendants' reply to Plaintiff's opposition, if any, is due within 20 days of the date the opposition is filed; and
5. If needed, the Court shall issue a new scheduling order after resolution of the motion for summary judgment.

IT IS SO ORDERED.

Dated:   **May 30, 2023**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE