UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENTRELL WILLIAMS,<br><br>            Plaintiff,<br><br>   v.<br><br>ADAMS, et al.,<br><br>            Defendants. | No.  1:19-cv-01058 KES GSA (PC)<br><br>ORDER REFERRING SETTLEMENT CONFERENCE TO JUDGE STANLEY A. BOONE<br><br>ORDER DIRECTING SETTLEMENT CONFERENCE TO BE HELD **JUNE 18, 2025 @ 11:00 a.m.** VIA ZOOM VIDEOCONFERENCING<br><br>PARTIES' CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENTS DUE **JUNE 11, 2025** |

On May 6, 2025, the Court ordered the parties to inform it whether they were interested in participating in a settlement conference. ECF No. 68.  The parties have met and conferred and Defendants indicate that the parties are willing to participate in a settlement conference. ECF No. 69.  Therefore, one will be calendared, and the matter will temporarily be referred to a different magistrate judge who will preside over it.  Accordingly, the parties shall take note of the following.

This matter will be temporarily referred to Magistrate Judge Stanley A. Boone for the sole purpose of conducting the settlement conference.  The conference will take place **via video on the Zoom videoconferencing application**, on **June 18, 2025**, at **11:00 a.m.**  The Court will

1

issue the appropriate appearance writ in due course.

Counsel for Defendants shall contact Courtroom Deputy Jan Nguyen at (559) 499-5672 or JNguyen@caed.uscourts.gov for the video and dial-in information, including any necessary passcodes, for all parties. Counsel for Defendants is also required to arrange for Plaintiff's participation by contacting the Litigation Coordinator at the institution where Plaintiff is housed and providing the necessary Zoom contact information.

Prior to the conference date, the parties shall each submit a confidential settlement conference statement to Judge Boone, as described below, to **arrive** by **June 11, 2025**, which is seven days prior to the conference.

The Court puts the parties on notice that if Plaintiff has any outstanding criminal restitution obligation, fines and/or penalties, these settlement negotiations shall not be geared towards what the restitution obligation is, but what the value of the case itself is to each side, irrespective of any outstanding restitution obligation.

Defendants shall be prepared to negotiate the merits of the case and offer more than a waiver of costs as a reasonable compromise to settle the case. <u>The parties are also informed that an offer of dismissal in exchange for a waiver of costs is not considered good faith settlement negotiations</u>.

Accordingly, IT IS HEREBY ORDERED that:

1. This matter is TEMPORARILY REFERRED to United States Magistrate Judge Stanley A. Boone for the <u>sole</u> purpose of presiding over the settlement conference referenced herein;

2. The settlement conference before Judge Boone shall take place via video on the Zoom videoconferencing application on **June 18, 2025, at 11:00 a.m.**;

3. A representative with full and unlimited authority to negotiate and enter into a binding settlement shall attend via the Zoom videoconferencing application;

4. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure or refusal of any counsel, party or authorized person subject to this order to appear in person may result in the cancellation of the conference and the imposition of sanctions. The manner of Plaintiff's video appearance at the conference is within the discretion of CDCR.

5. Defendants shall provide a confidential settlement statement to the following e-mail address: **saborders@caed.uscourts.gov**. Plaintiff shall mail his confidential settlement statement to U.S. District Court, 2500 Tulare Street, Fresno, California 93721, **"Attention: Magistrate Judge Stanley A. Boone."** The envelope shall be marked "Confidential Settlement Statement." Settlement statements shall <u>arrive</u> no later than **June 11, 2025**. Parties shall also file a <u>Notice of Submission of Confidential Settlement Statement</u> (See Local Rule 270(d)). Settlement statements **should not be filed** with the Clerk of Court **nor served on any other party**. Settlement statements shall be clearly marked "Confidential" with the date and time of the settlement conference indicated prominently thereon.

6. The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

   a. A brief statement of the facts of the case.

   b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

   c. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

   d. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

   e. A brief statement of each party's expectations and goals for the settlement conference, including how much a party is willing to accept and/or willing to pay.

   f. <u>If parties intend to discuss the joint settlement of any other actions or claims not in this suit, give a brief description of each action or claim as set forth above, including case number(s) if applicable.</u>

7. If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

////

3

8. **Defense counsel shall contact the Litigation Coordinator at the institution where Plaintiff is housed to determine whether the institution can accommodate a Zoom video appearance by Plaintiff at this date and time.**

9. The parties remain obligated to keep the Court informed of their current address at all times during the stay and while the action is pending. Any change of address must be reported promptly to the Court in a separate document captioned for this case and entitled "Notice of Change of Address." See Local Rule 182(f).

10. **A failure to follow these procedures may result in the imposition of sanctions by the Court.**

IT IS SO ORDERED.

Dated:  **May 29, 2025**                    **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE

4