# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

KENTRELL WILLIAMS,

  Plaintiff,

  v.

ADAMS, *et al.*,

  Defendants.

No.  1:19-cv-01058-KES-FRS (BAM) (PC)

ORDER DIRECTING PLAINTIFF TO SUBMIT EXHIBITS IN COMPLIANCE WITH LOCAL RULE 138
(ECF Nos. 61, 65)

**FOURTEEN (14) DAY DEADLINE**

Plaintiff Kentrell Williams ("Plaintiff") is a state prisoner proceeding in forma pauperis and through counsel in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's third amended complaint against Defendants Kendrick, Sherwood, and Busby for claims of cruel and unusual punishment under the Eighth Amendment alleging excessive force, deliberate indifference to medical needs, and failure to intervene.  (ECF No. 45.)

On October 3, 2025, this action was reassigned from Magistrate Judge Gary S. Austin to the undersigned for all further proceedings.  (ECF No. 79.)  On January 6, 2026, this action was reassigned to Fresno Magistrate Judge (FRS) until such time as a new magistrate judge is appointed, and temporarily referred to the undersigned.  (ECF No. 80.)

Pending before the Court is Defendants' motion for summary judgment, filed October 31, 2022.  (ECF No. 46.)  Following several extensions of time, Plaintiff filed an opposition on July 30, 2023.  (ECF No. 60.)  On the same date, Plaintiff filed a Notice of Lodging of Appendix of

1

Exhibits.  (ECF No. 61.)  The notice provides in relevant part: "Plaintiff Kentrell Williams hereby lodges the Plaintiff's Appendix of Exhibits as described in the Declaration of Counsel (ECF 46-2) with the court in support of his opposition to Defendants' Motion for Summary Judgment[.]"  (*Id.* at 1.)

First, the Court notes that ECF No. 46-2 is Defendants' Statement of Undisputed Facts and Conclusions of Law filed in support of their motion for summary judgment.  (ECF No. 46-2.) It appears that Plaintiff is instead referring to the Declaration of Kellen Davis in Support of Opposition to Defendants' Motion for Summary Judgment.  (ECF No. 60-2.)  In that declaration, Plaintiff's counsel lists a number of exhibits that were apparently lodged with the Court contemporaneously with the filing of Plaintiff's opposition brief.  Plaintiff's counsel describes nine exhibits, including the transcript of the deposition of Jennifer Stone (Exhibit 8) and a flash drive containing a video recording (Exhibit 9).  (*Id.*)  The declaration does not explain why Exhibits 1–7 were lodged with the Court rather than attached to the opposition brief, or whether they would be lodged in paper or electronically.

On November 15, 2023, nearly four months after the filing of Plaintiff's opposition brief, the Clerk's Office made the following docket entry: "ACKNOWLEDGEMENT OF RECEIPT of USB Flash Drive and Deposition of Jennifer Stone."  (ECF No. 65.)

After the recent reassignment and referral of this action, the undersigned has reviewed the docket and the files in this action related to the pending motion for summary judgment.  The Court was unable to locate Exhibits 1–7 in the paper file.  There is also no record that the exhibits were received electronically, as the lodged USB flash drive contains only the video recording submitted as Exhibit 9.  Finally, there is no indication that submission of Exhibits 1–7 in paper format would be in compliance with the Court's Local Rules, which state: "Unless otherwise permitted or required to be filed in paper format by these Rules, all pretrial exhibits and affidavits must be submitted in electronic format."  L.R. 138(c)(1).  The Rules further provide: "If an attorney, for exceptional circumstances, believes submission of exhibits must be in paper format, the attorney must apply to the Court for an exemption from the requirement for electronic submission."  L.R. 138(d).

2

Further review of the courtesy hard copy of the Deposition of Jennifer Stone, submitted as Exhibit 8, reveals that the exhibits referenced during the deposition are also not included in the record before the Court.  As the descriptions and numbering of the exhibits provided in the deposition transcript do not appear to match the descriptions of the missing Exhibits 1–7, the Court concludes that the deposition exhibits are not the same as the exhibits Plaintiff's counsel relies upon in support of the opposition brief.

Based on the foregoing, it appears the above-referenced exhibits were omitted from Plaintiff's filing and lodging.  Plaintiff is therefore instructed to submit the missing exhibits to allow the Court to address Defendants' motion for summary judgment based on a complete record in this case.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Within **fourteen (14) days** from the date of service of this order, Plaintiff SHALL:

   a. File Exhibits 1–7, as described in ECF No. 60-2, as a "Supplement to Plaintiff's Opposition to Defendants' Motion for Summary Judgment," in compliance with Local Rule 138(c)(1), or file an application for an exemption in compliance with Local Rule 138(d); and

   b. Email an electronic copy of Exhibit 8, as described in ECF No. 60-2, <u>including all exhibits referenced therein</u>, to: bamorders@caed.uscourts.gov; and

2. **<u>Failure to submit the above-referenced exhibits in compliance with this order will result in consideration of the motion for summary judgment based on the current record before the Court.</u>**

IT IS SO ORDERED.

Dated:    **February 21, 2026**                    /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE

3