UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENTRELL WILLIAMS,<br><br>        Plaintiff,<br><br>  v.<br><br>ADAMS, et al.,<br><br>        Defendants. | No. 1:19-cv-01058-KES-FJS (PC)<br><br>ORDER IMPOSING MONETARY SANCTIONS ON PLAINTIFF'S COUNSEL IN THE AMOUNT OF $250 |

**I.**

**BACKGROUND**

On May 1, 2026, this case was set for settlement conference before the undersigned on June 25, 2026, at 9:30 a.m.  (ECF No. 85.)  On June 25, 2026, when the case was called on calendar, Plaintiff's counsel failed to appear for the scheduled conference.  Therefore, the Court ordered Plaintiff's counsel to show cause why sanctions should not be imposed.  (ECF No. 89.)

Counsel filed a response on June 25, 2026, in which he states that he "erroneously listed the date and time for June 25, 2026 11:00 a.m."  (ECF No. 91 at 2.)

**II.**

**LEGAL STANDARD**

The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. See, e.g., Fed. R. Civ. P. 16(f); Fed.

1

R. Civ. P. 37(b). Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980). In order to coerce a party to comply with the Court's orders, the Court may issue sanctions for every day the party fails to respond to the Court's orders to show cause. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the [party] to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rul 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." Local Rule 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." Id.

### III.

### DISCUSSION

This case was set for settlement conference on June 25, 2026, at 9:30 a.m. by order issued on May 1, 2026, and a writ of habeas corpus ad testificandum for Plaintiff's appearance at the conference was issued on  May 27, 2026.  (ECF Nos. 85, 86.)  Yet, Plaintiff's counsel failed to appear at the conference and could not be contacted.  In addition, Plaintiff's counsel failed to file a confidential brief as directed in the Court's May 1, 2026, order.

In his response to the order to show cause, counsel states that he miscalendared the time for the conference, and he "scheduled a brief appearance at 8:30 [on June 25] in Los Angeles Superior Court case no. 24ARCF01617[,]" and did not have a private space in that courthouse to appear for the Zoom conference and was thus unable to log in." (ECF No. 91 at 2.)

This Court is burdened with a heavy caseload of prisoner civil rights cases and is extremely active in setting these cases for settlement conferences. In doing so, the Court reserves the date and time for each matter which denies other litigants the ability to set a conference on that date. Others litigants have asked and been denied times at the time set in this case. Because Plaintiff's counsel failed to appear on the scheduled date, the Court, CDCR, and Defendants must now reschedule the matter causing unnecessary expenses for Defendants who facilitated and appeared for the conference. Given Plaintiff's failure to appear for the settlement conference, the Court finds it appropriate to impose a sanction of $250.

## IV.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Court's June 25, 2026, order to show cause is discharged;

2. No later than **July 7, 2026**, Plaintiff's counsel shall pay the Clerk of the Court $250 via cashier's check for failure to comply with the Court's May 1, 2026, order; and

3. Failure to timely pay will result in further sanctions.

IT IS SO ORDERED.

Dated:    **June 26, 2026**

STANLEY A. BOONE
United States Magistrate Judge

3