UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KENTRELL WILLIAMS,

            Plaintiff,

    v.

ADAMS, et al.,

            Defendants.

No. 1:19-cv-01058-KES-FJS (PC)

ORDER REQUIRING PLAINTIFF TO PAY SANCTIONS OF $25 PER DAY

(ECF No. 92

**I.**

**BACKGROUND**

On May 1, 2026, this case was set for settlement conference before the undersigned on June 25, 2026, at 9:30 a.m.  (ECF No. 85.)  On June 25, 2026, when the case was called on calendar, Plaintiff's counsel failed to appear for the scheduled conference.  Therefore, the Court ordered Plaintiff's counsel to show cause why sanctions should not be imposed.  (ECF No. 89.)

Counsel filed a response on June 25, 2026, in which he stated that he "erroneously listed the date and time for June 25, 2026 11:00 a.m."  (ECF No. 91 at 2.)

On June 26, 2026, the Court imposed a monetary sanction of $250.00 to be paid by Plaintiff's counsel on or before July 7, 2026.  (ECF No. 92.)  Plaintiff failed to pay the monetary sanction and the time to do so has passed.

**II.**

**LEGAL STANDARD**

The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is

1

to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. See, e.g., Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980). In order to coerce a party to comply with the Court's orders, the Court may issue sanctions for every day the party fails to respond to the Court's orders to show cause. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the [party] to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rul 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." Local Rule 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." Id.

### III.

### DISCUSSION

Plaintiff's counsel has failed to comply with the Court's order to pay a monetary sanction of $250. In the June 26, 2026, order imposing sanctions, the Court admonished that the failure to

pay will result in further sanctions.  (ECF No. 92.)  Nonetheless, Plaintiff's counsel has disregarded the Court's order.  Given counsel's failure to comply with the order to pay the $250.00 monetary sanction, the Court finds it appropriate to impose a daily sanction of $25.00 for each day that he fails to pay the $250.00 sanction beginning at **5:00 p.m. on July 13, 2026**, and shall continue to be imposed each day thereafter.  The daily deadline for sanctions shall expire at the close of business each day, 5:00 p.m. (PST).

## IV.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. No later than **July 13, 2026, 5:00 p.m.**, Plaintiff's counsel shall pay the Clerk of the Court $250 via cashier's check for failure to comply with the Court's May 1, 2026, order;

2. Plaintiff's counsel shall pay the Clerk of Court $25.00 per day via cashier's check beginning at 5:00 p.m. on July 13, 2026, unless and until the $250.00 monetary sanction is paid in full; and

3. The failure to comply with this order, the Court will consider imposing further sanctions, including further monetary sanctions and an order why counsel not be disbarred from the Eastern District of California.

IT IS SO ORDERED.

Dated:   **July 10, 2026**

STANLEY A. BOONE
United States Magistrate Judge

3