UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENTRELL WILLIAMS,<br>Plaintiff,<br>v.<br>ADAMS, et al.,<br>Defendants. | No. 1:19-cv-01058-KES-FJS (PC)<br>ORDER TO SHOW CAUSE WHY PLAINTIFF'S COUNSEL SHOULD NOT BE DISBARRED FROM THE EASTERN DISTRICT OF CALIFORNIA<br>(ECF Nos. 92, 93) |

Following an order to show cause that resulted in monetary sanctions, Plaintiff has failed to comply with the court's orders imposing sanctions, including a daily monetary sanction. (ECF Nos. 92, 93.)

**I.**

**BACKGROUND**

As relevant here, on May 1, 2026, this case was set for settlement conference before the undersigned on June 25, 2026, at 9:30 a.m. (ECF No. 85.) On June 25, 2026, when the case was called on calendar, Plaintiff's counsel failed to appear for the scheduled conference. Therefore, the Court ordered Plaintiff's counsel to show cause why sanctions should not be imposed. (ECF No. 89.)

Counsel filed a response on June 25, 2026, in which he stated that he "erroneously listed the date and time for June 25, 2026 11:00 a.m." (ECF No. 91 at 2.)

On June 26, 2026, the Court imposed a monetary sanction of $250.00 to be paid by Plaintiff's counsel on or before July 7, 2026. (ECF No. 92.) Plaintiff's failed to pay the

monetary sanction. Therefore, on July 10, 2026, the Court issued an order requiring Plaintiff's counsel to a daily sanction in the amount of $25.00, for each day he fails to pay the $250.00 sanction.

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. See, e.g., Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980). In order to coerce a party to comply with the Court's orders, the Court may issue sanctions for every day the party fails to respond to the Court's orders to show cause. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the [party] to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rul 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." Local Rule 184(a). "In addition to or

in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." Id.

## III.

## DISCUSSION

As noted above, Plaintiff's counsel has failed to comply with the Court's order to pay a monetary sanction of $250, and the daily sanction of $25.00. (ECF Nos. 92, 93.) As of the date of this order, Plaintiff's counsel has accrued $750.00, which is broken down into: $250.00 for the immediate sanction that was due on July 13, 2026; and $500.00, which is calculated as $25 per day for 20 days (sanctions beginning on July 13, 2026, through the date of this order, August 2, 2026).

As Plaintiff's counsel has failed to comply with the Court's order, the Court does not consider the possibility of a reduction in the calculated amount of sanctions. In addition, the Court finds no basis to discontinue the sanction of $25.00 per day until the $250.00 sanction is paid. Further, the Court will require Kellen Isaiah Davis to show cause in writing as to why he should not be disbarred from the Eastern District of California. Counsel is also advised that California Business and Professions Code § 6068(o)(3) imposes a duty upon an attorney to report sanctions over $1,000.00 to the State Bar, and § 6086.7(a)(3) directs courts to notify the State Bar of sanctions over $1,000.00. Cal. Bus. & Prof. Code §§ 6068(o)(3), 6086.7(a)(3); Rohn v. United States, No. CIV. S-00-1628FCDPAN, 2002 WL 32123927, at *3 (E.D. Cal. Aug. 27, 2002).1

## IV.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. As of the date of this order, Plaintiff's counsel is obligated to pay the clerk of Court $750.00 via cashier's check for failure to comply with the Court's June 26, 2026, and July 10, 2026 orders;
2. Plaintiff's counsel shall continue to be obligated to pay the Clerk of Court $25.00 per day via cashier's check until the $750.00 is paid in full;
3. Plaintiff's counsel shall show cause in writing, no later than **August 16, 2026**, why

he should not be disbarred from the Eastern District of California; and

4. **Should Plaintiff's counsel fail to respond to this order to show cause, the Court will consider imposing further sanctions, including further monetary sanctions and a recommendation that counsel be disbarred from the Eastern District of California**.

IT IS SO ORDERED.

Dated: **August 3, 2026**

STANLEY A. BOONE
United States Magistrate Judge