UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENTRELL WILLIAMS,<br>Plaintiff,<br>v.<br>ADAMS, et al.,<br>Defendants. | No. 1:19-cv-01058-KES-FJS (PC)<br><br>ORDER TO SHOW CAUSE, IMPOSING TOTAL SANCTION AMOUNT OF $1,375.00 ON PLAINTIFF'S COUNSEL, DIRECTING CLERK OF COURT TO REPORT PLAINTIFF'S COUNSEL TO STATE BAR OF CALIFORNIA, AND REQUIRING COUNSEL TO REPORT TO STATE BAR |

Following an order to show cause that resulted in monetary sanctions, Plaintiff has failed to comply with the court's orders imposing sanctions, including a daily monetary sanction. (ECF Nos. 92, 93, 94.)

**I.**

**BACKGROUND**

As relevant here, on May 1, 2026, this case was set for settlement conference before the undersigned on June 25, 2026, at 9:30 a.m. (ECF No. 85.) On June 25, 2026, when the case was called on calendar, Plaintiff's counsel failed to appear for the scheduled conference. Therefore, the Court ordered Plaintiff's counsel to show cause why sanctions should not be imposed. (ECF No. 89.)

Counsel filed a response on June 25, 2026, in which he stated that he "erroneously listed the date and time for June 25, 2026 11:00 a.m." (ECF No. 91 at 2.)

///

On June 26, 2026, the Court imposed a monetary sanction of $250.00 to be paid by Plaintiff's counsel on or before July 7, 2026. (ECF No. 92.) Plaintiff's counsel failed to pay the monetary sanction. Therefore, on July 10, 2026, the Court issued an order requiring Plaintiff's counsel to pay a daily sanction in the amount of $25.00, for each day he fails to pay the $250.00 sanction. (ECF No. 93.) Plaintiff again failed to respond to the Court's order and the Court issued an order to show cause why Plaintiff's counsel should not be disbarred from the Eastern District of California on August 3, 2026. (ECF No. 94.) Plaintiff failed to pay the monetary sanctions or respond to the Court's order to show cause and the time to do so has passed.

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. See, e.g., Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980). In order to coerce a party to comply with the Court's orders, the Court may issue sanctions for every day the party fails to respond to the Court's orders to show cause. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the [party] to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the

inherent power of the Court." Local Rul 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." Local Rule 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." Id.

California Business and Professions Code § 6068(o)(3) imposes a duty upon an attorney to report sanctions of $1,000.00 or more to the State Bar, and § 6086.7(a)(3) directs courts to notify the State Bar of sanctions of $1,000.00 or more. Cal. Bus. & Prof. Code §§ 6068(o)(3), 6086.7(a)(3); Acevedo v. Russell Cellular, Inc., No. 1:20-cv-01440-JLT-SAB, 2022 WL 2092563, at *5 (E.D. Cal. June 9, 2022).[1]

## III.

## DISCUSSION

As noted above, the Court ordered Plaintiff's counsel to pay a monetary sanction of $250.00, and the daily sanction of $25.00, for his failure to show good cause in failing to appear at the scheduled settlement conference. (ECF Nos. 92, 93, 94.) Aside from evidencing counsel's lack of regard for complying with court orders, counsel's noncompliance is preventing the Court from efficiently managing its docket in this action. As of the date of this order, Plaintiff's counsel has accrued $1,375.00, which is broken down into: $250.00 for the immediate sanction that was due on July 13, 2026; and $1,100.00, which is calculated as $25.00 per day for 44 days (sanctions beginning on July 13, 2026, through the date of this order, August 26, 2026). Pursuant to California law, "a court shall notify the State Bar of any of the following: ... (3) The imposition of any judicial sanctions against an attorney, except sanctions for failure to make discovery or monetary sanctions of less than one thousand dollars ($1,000)." Cal. Bus. & Prof. Code § 6086.7(a)(3).

[1] The Court does not suggest federal courts are required to comply with this law, however, the Court finds its direction to be reasonable to adhere to due to principles of comity and the interaction between this Court's own Local Rules and the State Bar of California and its Rules of Professional Conduct. *See* Local Rule 180(e).

Plaintiff's counsel has failed to comply with the Court's orders, including the August 3, 2026, order, and the time to do so has expired. The Court advised Plaintiff's counsel that his failure "to respond to this order to show cause, the Court will consider imposing further sanctions, including further monetary sanctions and a recommendation that counsel be disbarred from the Eastern District of California." (ECF No. 94 at 4.) Having afforded Plaintiff's counsel an opportunity to pay the total sanction amount accrued and to show cause why he should not be disbarred from practicing in the Eastern District of California, and receiving no response, the Court will impose sanctions accrued as of the date of this order, i.e., $1,375.00, in total upon Plaintiff's counsel.[2]

Despite the lack of compliance, the Court finds it appropriate to afford Plaintiff's counsel the opportunity to comply by paying to the Clerk of the Court the sanctions amount due, and report the sanctions to the State Bar of California.

In addition, the Court finds it appropriate, based on ethical concerns and comity with the California state courts and the State Bar of California, to report Kellen Davis, State Bar #326672, to the State Bar of California, and shall order Mr. Davis to comply with his own independent obligation to report the sanctions to the State Bar. See Lozano v. Cabrera, No. 22-55273, 2023 WL 2387583, at *2 (9th Cir. Mar. 7, 2023) (directing Clerk of Court to transmit copy of order affirming imposition of sanctions to State Bar of California) (citing Cal. Bus. & Prof. Code § 6086.7(a)(3), (b)); Seymour v. Wilshire Credit Corp. Home Loans Dist., No. 2:19-cv-00564-MCE, 2023 WL 2167112, at *1 (E.D. Cal. Feb. 22, 2023) (ordering attorney to report imposition of $1,100 sanction to the California State Bar); Out of the Box Enters., LLC v. El Paseo Jewelry Exchange, Inc., No. EDCV 10-01858 VAP(DTBx), 2011 WL 13135642, at *5 (C.D. Cal. Dec. 14, 2011) (directing Clerk of Court to transmit copy of order imposing sanctions to State Bar of California) (citing Cal. Bus. & Prof. Code § 6086.7(a)(3)).

Counsel is advised that the sanctions of $25.00 per day shall continue until paid, and

---

[2] The Court notes that counsel, Kellen Davis, did email the Court (as well as defense counsel) on July 28, 2026, requesting that "Candice Frazier from [his] office and Ms. Brandel and Ms. Nguyen determine a date that is convenient for the Court and parties to conduct a further settlement conference. However, no action was taken because counsel had not responded to the Court's order regarding sanctions.

additional sanctions, such as disbarment from this Court (Eastern District of California), may be imposed for his failure to comply with past orders and this order.

**IV.**

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. As of the date of this order, Plaintiff's counsel is obligated to pay the Clerk of Court $1,375.00, via cashier's check for his failure to abide by orders of this Court;
2. Plaintiff's counsel shall continue to be obligated to pay the Clerk of Court $25.00 per day via cashier's check until the $1,375.00 is paid in full;
3. Pursuant to California Business and Professions Code § 6068(o)(3), counsel shall report these sanctions to the State Bar of California within 30 days of the entry of this order;
4. No later than 40 days from the entry of this order, Plaintiffs' counsel shall file a declaration attesting that he has reported these sanctions to the State Bar of California;
5. Pursuant to California Business and Professions Code § 6086.7(a)(3), the Clerk of the Court is DIRECTED to report the sanctions imposed on counsel Kellen Davis to the State Bar of California;
6. <u>Should Plaintiff's counsel fail to respond to this order to show cause, the Court will impose further sanctions, including disbarment from this Court</u>;
7. The Clerk of Court and Plaintiff's counsel, Kellen Davis, shall serve a copy of this order on Plaintiff, Kentrell Williams, CDCR #AM-6519, at Sierra Conservation Center; and

///

///

///

8. The Clerk of Court is DIRECTED to serve this order on Attorney Kellen Davis to both his physical address as well as his email address on file with the State Bar of California.

**Kellen I. Davis**
**12071 Jefferson Blvd.**
**Culver City, CA 90230**
**kellen@fight4justice.com**

IT IS SO ORDERED.

Dated: **August 27, 2026**

STANLEY A. BOONE
United States Magistrate Judge